IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

VFS US LLC and VFS LEASING CO., )
)
        Plaintiffs, )
)
vs. )   No. CIV-17-240-W
)
COPELAND SERVICES INC., )
COPELAND HOT OIL SERVICE, )
L.L.C., JANE D. ROBISON, KELLY L. )
ROBISON and KEVIN R. COPELAND, )
)
        Defendants. )

## ORDER

This matter came before the Court on the Motion to Enforce Settlement Agreement filed by plaintiffs VFS US LLC and VFS Leasing Co. (collectively "VFS"). The Court directed defendants Copeland Services Inc., Copeland Hot Oil Service, L.L.C., Jane D. Robison, Kelly L. Robison and Kevin R. Copeland to respond and to explain in detail why the Court should not grant the motion, enforce the parties' settlement agreement, enter judgment against all defendants and award the plaintiffs reasonable attorney fees and costs.

The defendants did not respond to VFS's motion within the time permitted or advise the Court that the matter had been resolved and that no response was necessary. Accordingly, on October 23, 2017, the Court found the factual statements in the plaintiffs' complaint and motion regarding the defendants' liability and the amount of damages were supported by the record, see Doc. 25 at 1; the Court further found, in the absence of any response by the defendants, that those facts should be deemed confessed. See id. (citing

Rule 7.1(g), Rules of the United States District Court for the Western District of Oklahoma).

Based on those facts, the Court concluded that VFS was entitled to the relief it had requested: enforcement of the parties' settlement agreement, entry of judgment against all defendants and reasonable fees and costs, see id. at 2, and it granted VFS's Motion to Enforce Settlement Agreement. See id. Judgment was entered that same day. See Doc. 26.

The matter now comes before the Court on VFS's Motion for Attorney Fees. The defendants have not responded.[1] "'In a diversity case [such as the case-at-bar,] the matter of attorney's fees is a substantive legal issue and is therefore controlled by state law.'"[2] Chieftain Royalty Company v. Enervest Energy Institutional Fund XIII-A, L.P., 861 F.3d 1182, 1188 (10th Cir. 2017)(quotation omitted).

The Court finds the documents attached to the complaint and on which this lawsuit is grounded authorize an award of fees in this case. Because there is no dispute that the defendants would be held liable for fees in connection with a breach of their obligations

---

[1] Pursuant to Rule 54.2, Rules of the United States District Court for the Western District of Oklahoma, "[o]bjections to the allowance of attorney's fees must be filed within 14 days from the date the motion for . . . fees is filed." And, while Rule 7.1 (g), supra, permits the Court, in its discretion, to deem confessed any motion that is not opposed within the allotted time, the law favors the disposition of issues on their merits. Accordingly, the Court has considered VFS's fee request in light of extant case law and the circumstances of this case.

[2] Although the documents that are the subject of this lawsuit and that provide a basis for the award of attorney fees refer to the laws of the State of North Carolina, VFS has relied on Oklahoma law in in the instant motion. Absent any argument by the defendants to the contrary, the Court has applied Oklahoma law.

2

under these documents, the issue before the Court is not VFS's entitlement to fees, but rather the amount of fees VFS should recover.[3]

Accordingly, the Court must decide whether the amount requested—$36,000.00—is reasonable,[4] and to do so under these circumstances, the Court must first "determine a lodestar fee arrived at by multiplying [each] . . . attorney's [and paralegal/legal assistant's[5]] hourly rate by the time expended[.]" Parsons v. Volkswagen of America, Inc., 341 P.3d 662, 667 (Okla. 2014); e.g., Spencer v. Oklahoma Gas & Electric Co., 171 P.3d 890, 895 (Okla. 2007).

As the fee applicant, VFS must first "submit . . . detailed time records[,]" Finnell v. Seismic, 67 P.3d 339, 346 (Okla. 2003), that reveal the hours for which compensation is requested and how those hours were spent. Attached to the instant motion is a billing worksheet, see Doc. 27-2, which describes the tasks performed by each individual, the date of such tasks and the number of hours that the individual spent in completing the tasks. The Court finds the worksheet is sufficiently precise to permit the Court to determine, for all individuals for whom compensation is sought, the number of hours those individuals worked and the tasks in which those individuals were engaged. After independent examination, the Court finds the hours claimed by VFS—116.5—are neither excessive nor unwarranted.

---

[3] Evidentiary hearings on the issue of attorney fees are generally preferred; they are not, however, always required. In light of the defendants' failure to respond to VFS's fee request, the Court finds an evidentiary hearing is unnecessary.

[4] This amount "includes an estimated amount of time to submit th[e] fee application and recording the statements of judgment." Doc. 27-1 at 2, ¶ 3.

[5] Oklahoma law also allows the recovery of paralegal/legal assistant fees in certain circumstances. E.g., Taylor v. Chubb Group of Insurance Companies, 874 P.2d 806 (Okla. 1994).

3

VFS, as the fee applicant, must next "offer evidence of the reasonable value of the services performed based on the standards of the legal community in which," Finnell, 67 P.3d at 346, this matter was litigated. VFS has submitted the affidavit of counsel, John B. Heatly, a director/shareholder in the firm of Fellers, Snider, Blankenship, Bailey & Tippens, P.C. Heatly has practiced law for forty (40) years, e.g., Affidavit of John B. Heatly (November 2, 2017) at 2, ¶ 2 (hereafter "Heatly Affidavit"), and based on the worksheet, his hourly rate for work performed in 2016 was $305.00 and for work performed in 2017 is $315.00. See id.

Compensation is also sought for "SA Dooley" and "LL Peebles," see Doc. 27-2 at 15; the worksheet shows that Dooley charged $185.00 per hour in 2016 and charges $195.00 per hour in 2017 and that Peebles' hourly rate for work performed in 2017 is $175.00. See Doc. 27-2. While Heatly has stated that "[t]he[se] hourly rates . . . are reasonable . . . and . . . consistent with those rates being charged . . . in the community for similar matters during the same time periods[,]" Heatly Affidavit at 3, ¶ 5, VFS has provided no information about Dooley and Peebles.

In setting the hourly rate, the Court must evaluate the level of performance and skill of each lawyer and paralegal/legal assistant whose work is to be compensated and establish a billing rate for that individual. This is done after review of competent evidence that shows that the requested rates conform to those rates prevailing in this judicial district for similar services provided by lawyers and paralegal/legal assistants of reasonably comparable skill, experience and reputation.

In the absence of any evidence—other than Heatly's Affidavit—that shows what attorneys and paralegal/legal assistants in this market[6] command for similar cases, the Court, based on its own knowledge, finds that $305.00 and $315.00 are reasonable hourly rates for an attorney with Heatly's experience, reputation and skill.[7] However, because no evidence has been given regarding Dooley's and Peebles' experience, reputation and skill in these types of cases,[8] the Court, in its discretion, finds that $150.00 is a reasonable hourly rate for Dooley and $120.00 is a reasonable hourly rate for Peebles.

Having determined the number of hours reasonably spent by these three individuals on VFS's behalf in this matter and having further determined these individuals' hourly rates,[9] the Court must consider whether any factors bear on the award of fees to which VFS is entitled. Such factors include those identified in State ex rel. Burk v. City of Oklahoma City, 598 P.2d 659 (Okla. 1979).[10] See Spencer, 171 P.3d at 895 (after

---

[6]See, e.g., H&S Equipment, Inc. v. Devon Energy Production Company, L.P., No. CIV-15-12444-HE (W.D. Okla.)[Docs. 92-3, 102].

[7]In a recent Order, the Honorable Vicki Miles-LaGrange found Heatly's hourly rates to be reasonable. See Mack Financial Services v. Red River Brand LLC, No. CIV-17-430-M (W.D. Okla. September 5, 2017).

[8]While expert testimony is not necessary, e.g., Spencer, 171 P.3d at 896 n.23, there must be some evidence of prevailing market rates for attorney fees; in the absence of the same, the Court may rely on its own knowledge and its own analysis of the level of performance and skill of each lawyer and paralegal/legal assistant whose work is to be compensated.

[9]Heatly (25.80 hours x $305.00) + (66.8 hours x $315.00); Dooley (11.7 hours x $150.00); Peebles (12.2 hours x $120.00). E.g., EQ Oklahoma, Inc. v. A Clean Environment Co., 353 P.3d 557, 561 (Okla. App. 2015)(to calculate just, equitable and fair fee, court must compute lodestar fee on record).

[10]"The factors set out in Burk . . . are: time and labor required; novelty and difficulty of the questions; skill requisite to perform the legal service; preclusion of other employment; customary fee; whether the fee is fixed or contingent; time limitations; amount involved and results obtained; experience, reputation and ability of the attorneys involved; risk of recovery; nature and length of relationship with the client; and awards in similar causes." Spencer, 171 P.3d at 895.

5

calculating reasonable fee, court should consider whether to enhance fee through application of Burk factors). Upon review of these factors and because VFS has not sought an enhancement, the Court concludes that no factor requires further adjustment of the lodestar figure.

Finally, after consideration of the Judgment entered in favor of VFS on October 23, 2017, see Doc. 26, the Court, as it is required to ascertain, finds the fees to be awarded in this matter "bear [a] . . . reasonable relationship to the amount in controversy." Finnell, 67 P.3d at 346 (footnote omitted); e.g., Spencer, 171 P.3d at 895.

Accordingly, the Court

(1) GRANTS to the extent stated VFS's Motion for Attorney Fees [Doc. 27] filed on November 2, 2017; and

(2) AWARDS VFS legal fees in the amount of $32,130.00 to be recovered from the defendants.

ENTERED this 21th day of November, 2017.

LEE R. WEST
UNITED STATES DISTRICT JUDGE